**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| DENNIS MALONEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Cause No.3:06-CV-739 PS |
| | ) | |
| GENE MARTIN, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Dennis Maloney, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, dealing with a prison disciplinary hearing. Because the petitioner does not assert that prison officials violated any of the procedural protections mandated by the Constitution, the petition must be denied on its face based on Rule 4 of the Rules Governing Section 2254 cases in the United States District Court, which allows for the dismissal of a petition because it plainly appears from the face of the petition that the petitioner is not entitled to relief. *See Dellenbach v. Hanks*, 76 F.3d 820 (7th Cir. 1996).

**BACKGROUND**

The petition and its attachments establish that a prison disciplinary board found the petitioner guilty of escape. He filed an administrative appeal, and an Indiana Department of Correction ("IDOC") official remanded his case for another hearing. On rehearing, the board deprived him of 180 days of earned credit time, demoted him to a lower credit time earning classification, and restricted his phone and recreation privileges for a month.

**DISCUSSION**

Where prisoners lose good time credits at prison disciplinary hearings or are demoted to a lower credit time earning classification, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

The petitioner asserts that Indiana Department of Correction ("IDOC") policy requires that the hearing be conducted within seven working days of being charged. He asserts that he was charged on January 18, 2006, but the hearing was not held until February 3, 2006. But *Wolff v. McDonnell* does not establish that prisoners are entitled to disciplinary hearings within a specific time of the incident, and this delay does not implicate any of the procedural rights guaranteed by *Wolff.* The policy the petitioner relies on was created under authority of state law. Violations of state law do not entitle prisoners to habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62 (1991). A Violation of IDOC rules states no claim for habeas corpus relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D. Ind 1997).

The petitioner also asserts that on rehearing, the second disciplinary board imposed "multiple sanctions and/or exceeds original sanctions applied." The original board

2

deprived him of 100 days of earned credit time, demoted him in credit time earning classification, and recommended that he be transferred to a higher level facility. The second board deprived him of 180 days of earned credit time, demoted him in credit time earning classification, and imposed thirty day phone and recreation restrictions.

That a prison disciplinary board imposes multiple sanctions does not violate the Constitution's due process clause, nor does the Constitution prevent a second prison disciplinary board from imposing more severe sanctions than the original board. Even if a federal court grants a petition for writ of habeas corpus, there is no bar to a state tribunal imposing an increased sentence in a retrial or rehearing. *Whitehead v. Wainwright*, 609 F.2d 223 (5th Cir. 1980).

Accordingly, for the reasons stated in this order, the court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

**SO ORDERED**.

ENTERED: November 16, 2006


/s Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT